IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LELAND MEDICAL CENTERS, INC. § | | |
| § | | |
| Plaintiff, § | | |
| § | | CASE NO. 4:07cv67 |
| v. § | | (Judge Schneider/Judge Bush) |
| § | | |
| FLOYD R. WEISS, et al., § | | |
| § | | |
| Defendants. § | | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING DEFENDANT 5G STUDIO COLLABORATIVE LLC'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIM**

5GStudio Collaborative, LLC ("Studio") has filed a Motion for Summary Judgment as to Leland Medical Centers, Inc.'s claim for copyright infringement (Dkt. 52). Studio claims that summary judgment is warranted in that Leland has failed to file a Certificate of Merit as required by Texas Civil Practice & Remedies Code § 150.002.

Section 150.002(a) provides that "(I)n any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, registered professional land surveyor, or licensed professional engineer competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant, which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim. The third-party professional engineer, registered professional land surveyor, or licensed architect shall be licensed in this state and actively engaged in the practice of architecture, surveying, or engineering." TEX. CIV. PRAC. & REM. CODE § 150.002 (Vernon

2005).

Section 150.002(d) provides that failure to file a certificate of merit *may* result in a dismissal with prejudice. This is directory language that gives a trial court discretion in determining whether it is appropriate to dismiss a plaintiff's case when an expert's affidavit is not filed by plaintiff. *See* TEX. GOV'T CODE ANN. § 311.016 (Vernon 2005) (Code Construction Act specifies that "'May' creates discretionary authority or grants permission or a power."); *Palladian Bldg. Co., Inc. v. Nortex Found. Designs,* 165 S.W.3d 430 (Tex. App.- Fort Worth 2005, no writ).

Through its amended answer and counterclaim to Huffman Builders Third party complaint (Dkt. 115), Studio alleges that it agreed to provide Design Development and Construction Documents to Huffman Builders for a proposed hospital in San Antonio. Studio says it did not provide the schematic design for the hospital. Leland has sued various parties for what it claims is copyright infringement on a schematic design for a hospital. The gist of Studio's motion is that Leland should have submitted an architect's affidavit stating that Studio was violating federal copyright law. For the reasons noted herein, this argument fails.

**Standard**

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56©). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). A dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *In re Segerstrom,* 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission*

*Co.,* 290 F.3d 303, 310 (5th Cir. 2002). If the movant meets this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Littlefield v. Forney Indep. Sch. Dist.,* 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir.1995)). If the evidence presented to rebut the summary judgment is not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). In determining whether a genuine issue of material fact exists, the court views the evidence and draws inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513-14.

**Discussion**

A plain common sense reading of the statute should end the inquiry. This Motion is "much ado about nothing." The Court believes it is clear that the statute only applies when the complaining party is the beneficiary or intended beneficiary of services whether in contract or tort. In actions involving some negligence, error or omission on the part of the architect, a certificate is required. Leland has not filed a claim for negligence nor does it allege that any architect specified the wrong truss in the roof design or omitted plumbing in the ladies' restroom. These are the type of actions contemplated by the statute, not copyright actions. An error is "an act or condition of ignorant or imprudent deviation from a code of behavior; an act involving an unintentional deviation from truth or accuracy; an act that through ignorance, deficiency, or accident departs from or fails to achieve what should be done." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 423 (9th ed.1991). The term omission is defined as "something neglected or left undone; apathy toward or neglect of duty; the act of omitting; the state of being omitted." *Id.* at 823. *See also Serv. Lloyd's Ins. Co. v. J.C.*

*Wink, Inc.,* 182 S.W.3d 19, 30 (Tex. App.- San Antonio 2005, pet. filed).

Studio relies on *Chamberlain v. Giampapa,* 210 F.3d 154 (3rd Cir. 2000) in support of its position that a medical negligence certificate of merit is substantive state law and must be applied in a diversity suit. Leland argues that the this is a federal question case and *Chamberlain* is not instructive. *Chamberlain* involved a statute which required an affidavit of merit that there was a reasonable probability that the physician's care falls outside acceptable standards. The *Chamberlain* court held that such a requirement is substantive. As to medical negligence actions, federal decisions in Texas view the expert report requirement as procedural rather substantive. *See Brown v. Brooks County Det. Ctr.,* 2005 WL 1515466 (S.D. Tex. 2005); *Garza v. Scott & White Mem'l Hosp.,* 234 F.R.D. 617 (W.D. Tex. 2005); *Nelson v. Myrick,* 2005 WL 723459 (N.D. Tex.2005); *McDaniel v. United States,* 2004 WL 2616305 (W.D. Tex. 2004); *Poindexter v. Bonsukan,* 145 F. Supp. 2d 800 (E.D. Tex. 2001); *Hall v. Trisun,* 2006 WL 1788192 (W.D. Tex 2006). *But see Cruz v. Chang*, 400 F. Supp.2d 906 (W.D. Tex. 2005).

In any event, the Court declines to spend much more time on this motion. The Court finds that the statute only applies to negligent acts, errors or omissions, not copyright matters. Further, there is ample authority that the statute is procedural and not substantive, but the Court need not rule. In any event, the statute only provides that dismissal is discretionary. The Court, in its discretion, declines to dismiss. Therefore, Studio's Motion is denied.

### Recommendation

Based on the foregoing, the Court recommends that 5GStudio Collaborative, LLC's Motion for Summary Judgment be DENIED.

Within ten (10) days after service of the magistrate judge's report, any party may serve and

file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 4th day of May, 2007.**

                                                                  _____
                                                                  DON D. BUSH
                                                                  UNITED STATES MAGISTRATE JUDGE